STATE OF NEW JERSEY, PLAINTIFF, v. FREDERICK
LUCAS, DEFENDANT.

Superior Court of New Jersey
Law Division—Mercer County

Decided February 8, 1980.

*Patricia Bowen Atkins,* Legal Assistant, for the State (*James F. Mulvihill,* Acting Mercer County Prosecutor, attorney).

*William A. Dietrich,* for defendant (*Dietrich, Allen & St. John,* attorneys).

LEVY, J. S. C.

This matter involves the interplay of the laws governing the operation of mopeds and the general traffic laws and regulations.[1] It comes before the court as a trial *de novo,* on the record of the municipal court, on appeal from defendant's five convictions below. See *R.* 3:23–8. Similar matters have been considered by this court on other occasions but there is no reported decision concerning the issues at bar, so it appears that a written opinion would be helpful for the bench and bar of the municipal court.

On June 20, 1979 Officer Mariano observed defendant operating a moped on North Hermitage Avenue in Trenton. He issued two summonses: one for operating a moped without a license, in violation of *N.J.S.A.* 39:3–10, and one for operating a moped without liability insurance, in violation of *N.J.S.A.* 39:6B–2. Defendant claimed he was unaware of the need for either a license or insurance, and urged the trial judge to acquit him. See *N.J.S.A.* 2C:2–4. The municipal court judge did not accept this defense, because *Title* 2C was not effective until September 1, 1979 and because he was not convinced that defendant was ignorant of the law as contemplated by that statute. I agree with his findings as to that defense. *Cf. State v. Johnson,* 42 *N.J.* 146, 157 (1964). He sentenced defendant to pay $15 plus $5 court costs for being unlicensed, and to pay $50

---

[1]*State v. Lyons,* 152 *N.J.Super.* 533 (Cty.Ct.1977), aff'd o. b. 159 *N.J.Super.* 100 (App.Div.1978), concerned this interplay. It held that for certain purposes a moped could be regulated as a motor vehicle, and this was legislatively affirmed by the 1977 amendments to the laws governing mopeds. See *N.J.S.A.* 39:4–14.3(f).

plus $10 court costs plus 180 days' license revocation for being uninsured.

On July 2, 1979 Officer Mariano observed defendant operating a moped, while carrying a passenger, in the area of 724 West State Street in Trenton. He issued three summonses: two as above for being unlicensed and uninsured and the third for riding on parts of the vehicle not intended for a passenger, in violation of *N.J.S.A.* 39:4–69. Defendant pleaded guilty to being unlicensed and uninsured on this occasion, but he contested the third charge because he said his seat was of the "banana" type which would accommodate a passenger. He admitted he carried a passenger on his moped. He was sentenced to pay $50 plus $10 court costs for being unlicensed, to serve three months in the county jail, with an additional two-year revocation of license for being uninsured, and to pay $10 plus $5 court costs for carrying a passenger.

Defendant was violating the New Jersey Motor Vehicle Code, but not the provisions with which he was charged. In 1975 the Legislature created a special set of controls governing the operation of mopeds. It called this vehicle a "motorized bicycle" and specifically distinguished it from the long-standing definition of "motor vehicle" found in *N.J.S.A.* 39:1–1. Mopeds were not to be used on major highways, and an operator had to be at least 15 years old. No insurance was required, but operators were required to comply with the provisions of *Title* 39 governing the use of bicycles. See *L.*1975, *c.*250.

The 1975 act was amended two years later by *L.*1977, *c.*267, which redefined "motorized bicycle", required a 15-year-old to get a license after passing an examination, and made the traffic regulations of chapter 4 of *Title* 39 applicable to moped operation. In addition, § 3 provided for regulation of retail sales of mopeds, § 4 provided a general penalty for moped violations (maximum fine of $200 and up to 15 days' imprisonment or both), § 6 prohibited any passengers on a moped and § 7

required liability insurance coverage pursuant to administrative regulations to be promulgated.

These two acts were meant to cover the field of ownership and operation of mopeds. The first was entitled "An Act concerning motorized bicycles, amending R.S. 39:1–1 and supplementing Title 39 of the Revised Statutes," and the second amended and supplemented the first. Not only was the term "motorized bicycle" created, but it was specifically excluded from the definition of "motor vehicle":

"Motor vehicle," includes all vehicles propelled otherwise than by muscular power, *excepting* such vehicles as *run only upon rails or tracks* and *motorized bicycles.* [Emphasis supplied]

▪ The clear import of these acts is to exclude the ownership and operation of mopeds from the licensing and insurance laws for the ownership and operation of motor vehicles; *N.J.S.A.* 39:3–10 and *N.J.S.A.* 39:6B–2 are inapplicable.

▪ Therefore, pursuant to *R.* 3:23–8(c) the charges are amended to allege operating without a license, in violation of *N.J.S.A.* 39:4–14.3(d) rather than *N.J.S.A.* 39:3–10; to allege operating without liability insurance, in violation of *N.J.S.A.* 39:4–14.3e rather than *N.J.S.A.* 39:6B–2, and to allege carrying a passenger, in violation of *N.J.S.A.* 39:4–14.3d rather than *N.J.S.A.* 39:4–69. I find that Lucas was operating his moped on June 20 and July 2, that he was uninsured each day and that on July 2 he was carrying a passenger (regardless of the type of seat). Accordingly, he is guilty of each charge.

The sentence of three months to the county jail by the municipal court judge was illegal as neither *L.*1975, *c.*250 nor *L.* 1977, *c.*267 permits this. The maximum fine is $50 and the maximum term is 15 days, but neither is mandated. *N.J.S.A.* 39:6B–2 is inapplicable, because it concerns insurance coverage for motor vehicles, not for motorized bicycles. The two license

revocations appear to be based solely on the requirements of *N.J.S.A.* 39:6B–2 and are otherwise unwarranted. Therefore, the defendant is sentenced to pay the following fines:

June 20, 1979      39:4–14.3      $15 fine plus $5 costs.
June 20, 1979      39:4–14.3e      $25 fine plus $10 costs.
July 2, 1979      39:4–14.3      $25 fine plus $10 costs.
July 2, 1979      39:4–14.3e      $25 fine plus $10 costs.
July 2, 1979      39:4–14.3d      $10 fine plus $5 costs.

There will be no incarceration and no revocation of any type of operator's license.